IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:00CR71
 Civil Action No. 3:13cv290

JEFFREY A. PLEASANT

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on April 22, 2003, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Jeffrey A. Pleasant. On August 24, 2011, the Court received from Pleasant an "INDEPENDENT ACTION FED. RULE CIV. PROC. RULE 60(B)[ ] MOTION" ("Rule 60(b) Motion"). (ECF No. 114.) As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003).[1] "[A] Rule 60(b) motion filed in a § 2255 proceeding may be a 'true' Rule 60(b) motion or instead a second or successive § 2255 petition filed under the auspices of Rule 60(b)." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (citing Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006)). A post-judgment motion filed in a habeas or § 2255 proceeding is truly a 60(b) motion if it:

> "(1) challenges only a procedural ruling . . . which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the . . . habeas proceeding, provided that such a challenge does not itself lead . . . to a merits-based attack on the disposition of a prior habeas petition."

---

[1] "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)).

2

Id. (omissions in original) (quoting Spitznas, 464 F.3d at 1216). "By contrast, 'a [Rule] 60(b) motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" Id. (alterations in original) (quoting Spitznas 464 F.3d at 1215).

Here, Pleasant asks the Court to vacate the Court's Memorandum Opinion and Order denying his first 28 U.S.C. § 2255 motion. Pleasant contends, inter alia, that said "order is void for lack of subject matter jurisdiction." (Rule 60(b) Mot. 2.) Specifically, Pleasant argues that the Court never had subject matter over his federal prosecution. In substance and effect, such a challenge "'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s].'" McCalister, 453 F. App'x at 778 (quoting Spitznas 464 F.3d at 1215). Accordingly, the Rule 60(b) Motion is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Pleasant's successive § 2255 motion, the ""INDEPENDENT ACTION FED. RULE CIV. PROC. RULE 60(B)[ ] MOTION" (ECF No. 114) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue

3

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a certificate of appealability will be denied. Additionally, Pleasant's requests to proceed in forma pauperis (ECF No. 116) and for the appointment of counsel (ECF No. 115) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant and counsel for the United States.

Date: June 12, 2013
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge