IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

Criminal No. 3:00CR71
Civil Action No. 3:13CV289

JEFFREY A. PLEASANT

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on April 22, 2003, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Jeffrey A. Pleasant. On May 18, 2012, the Court received from Pleasant a document titled, "'NOTICE OF HEARING' MOTION TO REMAND" (hereinafter "Motion to Remand"). (ECF No. 117.) As explained below, the Motion to Remand must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Here, Pleasant asks "to be released from the unlawful restraints placed upon his liberty pursuant to the initiation and furtherance of [his federal prosecution]." (Mot. to Remand 15 (spelling corrected).) In support of this request, Pleasant

2

makes a rambling argument as to alleged irregularities in the prosecution of his federal criminal charges.[1] In substance and effect, Pleasant's Motion to Remand his federal prosecution to state court based on alleged constitutional violations "'asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s].'" McCalister, 453 F. App'x at 778 (quoting Spitznas 464 F.3d at 1215). Accordingly, the Motion to Remand is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain Pleasant's successive § 2255 motion, the "'NOTICE OF HEARING' MOTION TO REMAND" (ECF No. 117) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of

---

[1] For example, Pleasant argues that:

> When the United States removed Pleasant from state jurisdiction to United States jurisdiction for prosecution under "Project Exile," without first making sure that the Commonwealth's Attorney had in fact dropped the state's prosecution by written order of the state circuit court[s], of competent jurisdiction[ ] in all six (6) offenses, the United States violated Pleasant['s] . . . state and federal constitutional rights . . . .

(Motion to Remand ¶ 13 (first alteration in original) (capitalization corrected).)

3

a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Pleasant fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Pleasant and counsel for the United States.

Date: June 12, 2013
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge